UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CLAUDIO GUANGA DUTAN,

               *Petitioner*,

– against –

HERIBERTO TELLEZ, *in his official capacity as Warden, Metropolitan Detention Center*, TODD LYONS, *in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement*, PAMELA BONDI, *in her official capacity as Attorney General of the United States*, and KRISTI NOEM, *in her official capacity as Secretary of Homeland Security*,

               *Respondents*.

**MEMORANDUM & ORDER**
26-cv-00600 (NCM)

**NATASHA C. MERLE**, United States District Judge:

      On September 26, 2025, petitioner Claudio Guanga Dutan was arrested and detained by U.S. Immigration and Customs Enforcement ("ICE"). Pet. for Writ of Habeas Corpus ("Petition") ¶ 19, ECF No. 1. Petitioner has been detained at various ICE facilities since his arrest and is currently detained at the Metropolitan Detention Center ("MDC") in Brooklyn, New York. Pet. ¶ 21. Petitioner has not been provided a bond hearing. *See* Pet. ¶ 12. He now petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241. Pet. ¶¶ 29–30. For the reasons discussed below, the petition is GRANTED.

## BACKGROUND

      Petitioner is an Ecuadorian national who has continuously resided in the United States since his arrival on June 13, 2002. Pet. ¶¶ 15–16. Petitioner crossed the border without inspection near Douglas, Arizona and was apprehended and detained by U.S.

1

Customs and Border Patrol the same day. *See* Pet. ¶ 16; *see also* Resp. to Order to Show Cause ("Response") 1, ECF No. 9.[1] Shortly thereafter, petitioner was served with a Notice to Appear before an immigration judge with the Executive Office for Immigration Review ("EOIR") at a date to be set and charged as a noncitizen "present in the United States without being admitted or paroled" pursuant to 8 U.S.C. § 1182(a)(6)(A)(i). Pet. ¶ 17; *see also* Resp. 1–2. The EOIR later scheduled a master calendar hearing; petitioner appeared at that hearing without an attorney, and the immigration judge reset the case for the following month to permit petitioner to find counsel. Decl. of Frank Franco ("Franco Decl.") ¶¶ 7–8, ECF No. 9-1.

The next week petitioner appeared through counsel and requested to be released on bond. Franco Decl. ¶¶ 9–10; *see also* Resp. 2. The immigration judge granted the request and ordered petitioner to be released upon posting $6,000 bond. Resp. 2. Petitioner posted bond and was released from custody on July 3, 2002. Resp. 2. Petitioner and his counsel failed to appear for his next immigration hearing on November 26, 2002, and he was ordered removed from the United States in absentia. Pet. ¶ 18; *see also* Resp. 2.

More than twenty years later, plaintiff was arrested in Haverstraw, New York for a Class A misdemeanor. *See* Resp. 2. ICE was notified of the arrest and issued a detainer for petitioner. Resp. 2. On September 26, 2025, two weeks after the arrest, ICE officers targeted, followed, and arrested petitioner outside of his home. *See* Resp. 2; Pet. ¶ 19; *see also* Franco Decl. ¶ 21. Petitioner has been held in custody at various ICE facilities since

---

[1] Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

then. *See* Resp. 2. On October 14, 2025, petitioner moved to reopen removal proceedings, and the request was granted three months later. Pet. ¶ 20; Resp. 2. Petitioner is now in removal proceedings before Immigration Judge Dara Reid, and a master hearing is scheduled for the morning of February 12, 2026. Pet. ¶ 22.

Petitioner is currently being held by ICE at the MDC. Pet. ¶ 21. He commenced the instant action on February 3, 2026 by filing a petition for a writ of habeas corpus. *See* Pet. The same day, the Court issued an order directing respondents to show cause why the relief sought in the writ should not be granted. Scheduling Order 2, ECF No. 5. The government filed a letter-response in lieu of a formal memorandum of law on February 9, 2026, which discussed the Court's prior decision granting a writ of habeas corpus under similar factual circumstances, *Crespo Tacuri v. Genalo*, No. 25-cv-06896, 2026 WL 35569 (E.D.N.Y. Jan. 6, 2026). *See* Resp. 2–3. The response stated that while respondents "respectfully disagree with the Court's decision in *Crespo Tacuri*, they acknowledge that the decision would control the result in this case . . . as the facts of this case are materially indistinguishable." Resp. 3.

**LEGAL STANDARD**

Section 2241 authorizes federal district courts "to grant a writ of habeas corpus whenever a petitioner is in custody in violation of the Constitution or laws or treaties of the United States." *Wang v. Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C. § 2241(c)(3)).[2] Under Section 2241, "[f]ederal courts have jurisdiction to hear habeas corpus claims by noncitizens challenging the constitutionality of their detention." *Rodriguez-Acurio v. Almodovar*, --- F. Supp. 3d ---, No. 25-cv-06065, 2025 WL 3314420,

---

[2] Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

at *8 (E.D.N.Y. Nov. 28, 2025) (citing *Velasco Lopez v. Decker*, 978 F.3d 842, 850 (2d Cir. 2020)).

## DISCUSSION

Petitioner contends, among other things, that he is being detained in violation of his procedural due process rights under the Fifth Amendment. Pet. 6. The government's response does not meaningfully dispute these assertions aside from stating that "to conserve judicial resources and to expedite the Court's consideration of this case, . . . [r]espondents hereby rely upon, and incorporate by reference, the legal arguments presented by the [g]overnment in *Crespo Tacuri*." Resp. 4.[3] Accordingly, for the reasons stated by this Court in *Crespo Tacuri,* which the Court incorporates here by reference, the Court concludes that petitioner is being unlawfully detained pursuant to Section 1226 and in violation of his right to due process under the Fifth Amendment. *See Crespo Tacuri*, 2026 WL 35569, at *7; *see also Y- C- v. Genalo*, No. 25-cv-06558, 2025 WL 3653496, at *6–7 (E.D.N.Y. Dec. 17, 2025); *Ccorihuaman v. Genalo*, No. 26-cv-00554, 2026 WL 328983, at *2 (E.D.N.Y. Feb. 6, 2026). "Habeas is at its core a remedy for unlawful executive detention" and "[t]he typical remedy for such detention is, of course, release."

---

[3] For this reason, and for the avoidance of doubt, the Court does not address any legal or factual argument that respondents do not raise here or did not raise in their briefing in *Crespo Tacuri*. *See Catania v. United Fed'n of Tchrs*., No. 21-cv-01257, 2023 WL 1962533, at *3 (S.D.N.Y. Feb. 13, 2023) ("Courts generally do not decide issues not raised by the parties." (quoting *Cone v. Bell*, 556 U.S. 449, 482 (2009) (Alito, J., concurring))); *see also Russell v. Bd. of Plumbing Exam'rs*, 1 F. App'x 38, 41 (2d Cir. 2001) (summary order) ("We are, however, troubled by the district court reaching an issue neither pressed nor briefed before it, and urge against such a practice in the future.").

*Munaf v. Green*, 553 U.S. 674, 693 (2008). The Court therefore deems petitioner entitled to immediate release.[4]

## CONCLUSION

For the foregoing reasons, the Court holds that petitioner's detention violates the Due Process Clause. The petition for a writ of habeas corpus is therefore **GRANTED**.

Respondents are directed to release the petitioner from custody within 24 hours of this Order and file a letter on the docket no later than 12:00 p.m. on February 12, 2026 certifying their compliance. For the avoidance of doubt, the Court concludes that petitioner "is entitled to release from the unlawful restrictions on his liberty—which means, in the circumstances here, restoration of . . . the status quo ante." *Khabazha v. ICE*, No. 25-cv-05279, 2025 WL 3281514, at *8–9 (S.D.N.Y. Nov. 25, 2025) (ordering government to release petitioner from "restrictions on his liberty imposed as a result of his unlawful [detention] . . . including the ankle monitor and reporting requirements"); *see also Ccorihuaman*, 2026 WL 328983, at *2. This Order includes "an injunction barring deprivation of the [petitioner's] rights without the requisite procedural protections." *Khabazha*, 2025 WL 3281514, at *8; *see also Ccorihuaman*, 2026 WL 328983, at *2.

---

[4] The Court does not address petitioner's argument concerning substantive due process, *see* Pet. 6, in light of the conclusion that petitioner's detention violates his procedural due process rights. *See Ccorihuaman*, 2026 WL 328983, at *2 n.3.

The Clerk of Court is respectfully directed to enter judgment consistent with the Order and close the case.

**SO ORDERED.**

                                                    _/s/ Natasha C. Merle_
                                                    NATASHA C. MERLE
                                                    United States District Judge

Dated:        February 11, 2026
                Brooklyn, New York